**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:25-cv-02814-KES                                    Date: January 26, 2026

Title: TIGRAN BEDROSIAN v. KRISTI NOEM, et al.,

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

<table>
<tr><td>K. Hopkins for<br><u>Jazmin Dorado</u><br>Courtroom Clerk</td><td><u>Not Present</u><br>Court Reporter</td></tr>
<tr><td>ATTORNEYS PRESENT FOR<br>PETITIONER:<br>None Present</td><td>ATTORNEYS PRESENT FOR<br>RESPONDENTS:<br>None Present</td></tr>
</table>

**PROCEEDINGS (IN CHAMBERS):**      **Order to Show Cause Why the Parties Should Not Be Held in Contempt for Failure to File Joint Status Report**

In October 2025, Tigran Bedrosian ("Bedrosian") filed a petition for writ of habeas corpus raising three claims: (1) Respondents violated his due process rights when they revoked his order of supervised release ("OSUP"); (2) Respondents violated the Administrative Procedures Act ("APA") when they revoked his OSUP; and (3) Respondents might revoke him to a third country without sufficient due process, in violation of 8 U.S.C. § 1231 and 8 C.F.R. § 1208.17.  ("Petition" at Dkt. 1.)

On January 15, 2026, the Court granted Bedrosian's motion for a preliminary injunction, ordering as follows:

      1.     Bedrosian's motion for preliminary injunction (Dkt. 28) is **granted**.

      2.     Respondents shall immediately release Bedrosian from custody, subject to the conditions of his prior OSUP.  Upon his release from custody, Respondents shall provide Bedrosian and his counsel with a copy of the operative OSUP governing his release (whether that be an OSUP issued in 2012 or the OSUP issued on September 8, 2025).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02814-KES                                    Date: January 26, 2026
                                                                          Page 2

      3.      Respondents are enjoined from re-detaining Bedrosian unless and until they comply with the requirements 8 C.F.R. §§ 241.4 and 241.13.

      4.      If Bedrosian is subsequently re-detained, Respondents shall not transfer Bedrosian out of this District during the pendency of these habeas proceedings.

      5.      Copies of any and all documents served on Bedrosian between October 3, 2025 and the date of his release must be provided to Bedrosian's counsel within **thirty (30) days** of the date of this Order (excluding documents already produced in this case).

      6.      If Respondents serve Bedrosian with any documents during the pendency of this case—such as requests for documentation in aid of ICE's efforts to obtain a travel document for Azerbaijan, or new notices of revocation—they **must also serve a copy of those documents on Bedrosian's counsel** of record in this case.

      7.      Within **seven (7) days** of the date of this Order, the parties shall file a joint status report addressing: (a) when Bedrosian was released from custody; (b) whether ICE plans to re-detain Bedrosian in the future and, if so, based on what criteria; (c) what progress ICE has made, if any, in obtaining travel documents from Azerbaijan; (d) whether DHS intends to pursue Bedrosian's removal to a third country; and (e) whether Bedrosian's release from custody moots the underlying Petition.

(Dkt. 32 at 16-17.)  Because the preliminary injunction order was issued on January 15, 2026, the status report was due by January 22, 2026.  As of the date of this order, no status report has been filed.

      IT IS THEREFORE ORDERED that, **on or before January 30, 2026**, the parties shall show cause why they should not be held in contempt for failure to obey a court order.  They may discharge this order show cause by filing the joint status report described above.  If either counsel is unable to contact opposing counsel in time to draft and file the report, after reasonable efforts to do so, they may file a unilateral report.

      Alternatively, if Bedrosian believes that this case is now moot due to his release from custody, Bedrosian may file a notice of voluntary dismissal.  See Fed. R. Civ. P. 41(a)(1)(A)(i) ("the plaintiff may dismiss an action without a court order by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

Initials of Deputy Clerk kh