**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:25-cv-02814-KES                                      Date: May 20, 2026

Title: TIGRAN BEDROSIAN v. KRISTI NOEM, et al.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

<u>Jazmin Dorado</u>                                    <u>Not Present</u>
Courtroom Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR                     ATTORNEYS PRESENT FOR
PETITIONER:                                          RESPONDENTS:
None Present                                          None Present

**PROCEEDINGS (IN CHAMBERS):**        **Order GRANTING Petition (Dkt. 1)**

**I.      BACKGROUND**

On October 3, 2025, Tigran Bedrosian ("Petitioner") was detained by ICE at a routine check-in and his order of supervision ("OSUP") was revoked. He filed a habeas petition in this Court on October 23, 2025. ("Petition" at Dkt. 1.) The Petition raised three grounds for relief:

<u>Ground One</u>: Respondents violated Bedrosian's rights under the Fifth Amendment Due Process Clause because (a) he "did not violate a term of supervision"; (b) "he was not informed whether he would be removed to a third country" or "that ICE had secured a travel document for him"; (c) "he was given no paperwork discussing the reasons for the [OSUP] revocation"; and (d) "he was not interviewed about why he should not be detained." (Pet. at 6.)

<u>Ground Two</u>: Respondents violated the Administrative Procedures Act ("APA") by failing to comply with 8 C.F.R. §§ 241.4(l) and 241.13(i), based on the same facts alleged in Ground One. (Pet. at 6.)

<u>Ground Three</u>: Petitioner "fears that he will be removed to a third country without notice or an opportunity to challenge the removal," because the Department of Homeland Security ("DHS") "has taken the position that it will not provide notice or an opportunity to challenge the removal to a third country in certain instances." (Pet. at 6.) Petitioner argues this would violate the Fifth Amendment's Due Process Clause, 8 U.S.C. § 1231, and 8 C.F.R. § 1208.17(b)(2). (Id.) "He seeks an order enjoining ICE from removing him to a third country without providing

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02814-KES                                   Date: May 20, 2026
                                                                      Page 2

him an opportunity to challenge the removal hearing through a Reasonable Fear Interview."  (Id. at 7.)

On January 15, 2026, the Court[1] granted Petitioner's motion for a preliminary injunction. (Dkt. 32.)  The Court found Petitioner was likely to prevail on Grounds One and Two because the record showed that Respondents violated due process and their own regulations by giving him insufficient notice and an opportunity to be heard regarding the reasons for his OSUP revocation and detention.  The Court ordered Respondents to release Petitioner from custody, subject to the terms of his prior OSUP, and it enjoined Respondents from re-detaining him unless and until they complied with the requirements of 8 C.F.R. §§ 241.4 and 241.13.  (Id. at 16.)

On January 30, 2026, the parties filed status reports at the Court's request.  (Dkt. 34, 35.) These reports confirmed that Petitioner had been released from custody.  Respondents argued that the Petition should be dismissed as moot in light of Petitioner's release, but Petitioner contended that the Petition was not moot.

On February 2, 2026, the Court ordered Respondents to file an Answer to the Petition within 14 days and Petitioner to file a Reply within 14 days of the filing of the Answer.  (Dkt. 36.)  Regarding the Answer, the Court stated, "If Respondent argues that any claims in the Petition should be dismissed as either moot or unripe, the Answer **must also address the merits of the claims** in the alternative."  (Id. at 1 ¶ 1 (emphasis in original).)

On February 18, 2026, Respondents filed an Answer to the Petition.  ("Answer" at Dkt. 37.)  The Answer attaches the declarations of Officers Lourdes Palacios and Cane Langill, which Respondents previously submitted in opposition to Petitioner's motion for preliminary injunction back in November 2025.  (Dkt. 37-1, 37-2.)  The Answer argues that the Petition should be denied as moot.  It does not present any argument regarding the merits of Petitioner's claims. Petitioner did not file any Reply.

II.      **DISCUSSION**

         A.      **The Petition is Not Moot.**

The Court's order granting Petitioner's request for a preliminary injunction did not moot the underlying Petition.  A habeas petition is not moot where preliminary relief is not made permanent.  See Nielsen v. Preap, 586 U.S. 392, 403 (2019) (plurality opinion) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention").

Respondents' argument that the Petition is "moot" may be better understood as an argument that the Court lost jurisdiction once Petitioner was released, because release is the only

---

[1] The parties consented to the jurisdiction of the Magistrate Judge.  (Dkt. 26.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02814-KES                                             Date: May 20, 2026
                                                                        Page 3

form of habeas relief that can be granted.  But numerous recent rulings on immigration habeas petitions have imposed conditions on the circumstances under which DHS can re-detain a petitioner as a remedy for the petitioner's due process claims.  See, e.g., Tsyamba v. Hermosillo, No. 25-cv-02623, 2026 U.S. Dist. LEXIS 17411, at *13, 2026 WL 237514, at *6 (W.D. Wash. Jan. 29, 2026) (describing the petitioner's "protected liberty interest in his continued release from custody" such that due process requires he receive sufficient notice before being re-detained).  Indeed, this Court previously not only ordered Petitioner's release but also ordered Respondents not to re-detain him unless they complied with the applicable regulations.  (Dkt. 32 at 16.)  Petitioner still faces the threat of re-detention for purposes of removal to a third country, as discussed further below.  The Court, therefore, has not lost jurisdiction to consider Ground Three.

B.       **Grounds One and Two: Revocation of Petitioner's OSUP Violated the Fifth Amendment Due Process Clause and DHS's Own Regulations.**

Petitioner is entitled to relief on Grounds One and Two for the same reasons discussed in the Court's prior order granting him preliminary injunctive relief.  (See Dkt. 32.)  Respondents' Answer presents no new argument or evidence.  ICE violated both due process and its own regulations by failing to give him sufficient notice of the reasons his OSUP was revoked or an interview to challenge those reasons.  The previously granted preliminary relief, therefore, now becomes the Court's final ruling on the merits.

C.       **Ground Three: Re-Detention for Removal to a Third Country Without Notice or an Opportunity to Challenge the Removal Would Violate the Due Process Clause, 8 U.S.C. § 1231, and 8 C.F.R. § 1208.17(b)(2).**

In October 2025, Petitioner alleged that he "fears that he will be removed to a third country without notice or an opportunity to challenge the removal," because DHS "has taken the position that it will not provide notice or an opportunity to challenge the removal to a third country in certain instances."  (Pet. at 6.)  Petitioner argues this would violate the Fifth Amendment's Due Process Clause, 8 U.S.C. § 1231, and 8 C.F.R. § 1208.17(b)(2).  (Id.)

Respondents' Answer does not present any substantive response to this claim, despite the Court's explicit instruction to do so.  (See Dkt. 36 at 1.)  Respondents argue only that this claim is "too speculative to warrant relief," citing Hoang v. Santa Cruz, No. 25-cv-2766-JGB-DSR, 2026 U.S. Dist. LEXIS 104644 (C.D. Cal. Jan. 7, 2026) (denying motion for reconsideration). (Answer at 4.)

1.       **This Claim is Ripe.**

The order Respondents cite from Hoang contains only one sentence finding the claim speculative.  Based on this Court's review of the record in Hoang, it does not appear that Hoang had any specific reason to believe that ICE was attempting to remove him to a third country.  See

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02814-KES                                  Date: May 20, 2026
                                                            Page 4

Hoang, Dkt. 1 at 3 (Hoang's petition, alleging that he had "never been ordered removed to any third country apart from Vietnam, nor [had] he been notified of such potential removal."); Dkt. 5 at 10 (respondents' opposition to Hoang's temporary restraining order application, arguing that "the government told him he is being removed to Vietnam, which is his home country," and he was seeking relief "for speculative prophylactic purposes based on counterfactual scenarios").

Here, in contrast, Officer Langill's declaration states that in November 2025, the Azerbaijan consulate declined to issue a travel document for Petitioner, and that ICE plans to "re-interview [Petitioner] to identify if he has any additional foreign identity documents in his possession, custody, or control, and if he has or had legal status in any other country, including Russia." (Dkt. 37-2 at 1 ¶¶ 6-7.)  This is some evidence (albeit somewhat aged) that DHS is pursuing third country removal.

### 2.    Petitioner is Entitled to Relief on This Claim.

"It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." Trump v. J. G. G., 604 U.S. 670, 673 (2025) (per curiam) (citation and quotation marks omitted).  "[D]etainees are entitled to notice and opportunity to be heard 'appropriate to the nature of the case.'" Id. (citation omitted) (holding that detainees under the Alien Enemies Act "must receive notice after the date of this order that they are subject to removal under the Act," and that the "notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs").  The procedural steps must "be tailored, in light of the decision to be made, to 'the capacities and circumstances of those who are to be heard,' to insure that they are given a meaningful opportunity to present their case." Mathews v. Eldridge, 424 U.S. 319, 349 (1976) (quoting Goldberg v. Kelly, 397 U.S. 254, 268-69 (1970)).

DHS is prohibited from removing a noncitizen[2] to any third country where they may be persecuted or tortured.  See 8 U.S.C. § 1231(b)(3)(A) ("[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the [noncitizen's] life or freedom would be threatened in that country because of the [noncitizen's] race, religion, nationality, membership in a particular social group, or political opinion.").  "If [noncitizens] would face persecution or other mistreatment in the country designated under § 1231(b)(2), they have a number of available remedies: asylum, § 1158(b)(1); withholding of removal, § 1231(b)(3)(A); relief under an international agreement prohibiting torture, see 8 CFR §§ 208.16(c)(4), 208.17(a) (2004); and temporary protected status, 8 U.S.C. § 1254a(a)(1)." Jama v. Immigr. & Customs Enf't, 543

---

[2] This order generally uses the term noncitizen rather than alien.  See Avilez v. Garland, 69 F.4th 525, 527 n.1 (9th Cir. 2023) ("[U]se of the term noncitizen has become a common practice of the Supreme Court . . . . [In addition,] [t]he word alien can suggest 'strange,' 'different,' 'repugnant,' 'hostile,' and 'opposed,' … while the word noncitizen, which is synonymous … avoids such connotations.  Thus, noncitizen seems the better choice.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02814-KES                           Date: May 20, 2026
                                                     Page 5

U.S. 335, 348 (2005).

In <u>Andriasian v. I.N.S.</u>, 180 F.3d 1033 (9th Cir. 1999), the Ninth Circuit discussed due process in the context of asylum proceedings as follows:

> First, [Mr. Andriasian] asserts that the last minute designation of Armenia as a country of deportation violated due process and that he is entitled to a remand in order to present additional evidence of the persecution that he would face if deported to that country.  On this point, the INS has advised us that it is now in agreement with Mr. Andriasian.  It is of course wholly impermissible to base a denial of asylum on an applicant's inadequate presentation of evidence on a matter that he had no reason to anticipate would be a subject of the asylum hearing.  Mr. Andriasian was operating under the belief—a belief based on instructions on the INS forms as well as the instructions from the IJ at the initial hearing—that he needed to present evidence only in support of his claim for asylum and withholding of deportation to Azerbaijan.  He was not informed otherwise until the end of his asylum hearing, after the close of evidence.  This violated a basic tenet of constitutional due process: that individuals whose rights are being determined are entitled to notice of the issues to be adjudicated, so that they will have the opportunity to prepare and present relevant arguments and evidence. … **Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process**. <u>See</u> <u>Kossov v. INS</u>, 132 F.3d 405, 408-09 (7th Cir. 1998) (designation of country of deportation at beginning of asylum hearing is insufficient notice to unrepresented applicants); 8 C.F.R. § 240.49(c)(2) (1999) (requiring that IJ provide notification of right to apply for asylum or for withholding of deportation to country of deportation and forms for such application).

<u>Id.</u> at 1041 (emphasis added); <u>see also</u> <u>Najjar v. Lynch</u>, 630 F. App'x 724 (9th Cir. 2016) ("In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country.") (citing <u>Andriasian</u>).

> Since <u>Andriasian</u> was decided, DHS policy regarding third country removals has changed significantly.  Although the parties in the present case have not submitted any evidence about that policy, one district court summarized the policy as of July 2025 as follows:The policy provides that "[i]f the United States has received diplomatic assurances from the country of removal that aliens removed from the United States will not be persecuted or tortured, and if the Department of State believes those assurances to be credible, the alien may be removed without the need for further procedures."  <u>See</u> ICE Policy Memorandum, <u>Third Country</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:25-cv-02814-KES                                    Date: May 20, 2026
                                                                        Page 6

Removals Following the Supreme Court's Order in Department of Homeland
Security v. D.V.D., No. 24A1153 (U.S. June 23, 2025), July 9, 2025, available at
https://storage.courtlistener.com/recap/gov.uscourts.mad.282404/gov.uscourts.ma
d.282404.190.1.pdf. The policy further provides that, "[i]n all other cases," ICE
may still remove the noncitizen to the third country by following certain
procedures. Id. Those procedures include that "ERO [Enforcement and Removal
Operations] will **not** affirmatively ask whether the alien is afraid of being
removed to the country of removal." Id. (emphasis in original).

Viengkhone S. v. Albarran, 817 F. Supp. 3d 901, 914-15 (E.D. Cal. 2025) (footnote omitted),
opinion clarified sub nom. Sikeo v. Albarran, No. 25-cv-01505, 2026 WL 603740 (E.D. Cal.
Mar. 4, 2026); see also D.V.D. v. U.S. Dep't of Homeland Sec., --- F. Supp. 3d ----, No. 25-cv-
10676, 2026 WL 521557, at *27, 34 (D. Mass. Feb. 25, 2026) (citing the same guidance and
describing exchange with government counsel at March 2025 court hearing: "THE COURT: …
Is your position that the Government can decide right now that someone who is in their custody
is getting deported to a third country, give them no notice and no opportunity to say, I will be
killed the moment I arrive there, and, as long as the Department doesn't already know that there's
someone standing there waiting to shoot him, that that's fine? DEFENSE COUNSEL: In short,
yes."), appeal filed, No. 26-1212 (1st Cir. Feb. 28, 2026).

Multiple district courts have held that "last minute orders of removal to a country may
violate due process if an immigrant was not provided an opportunity to address his fear of
persecution in that country." Viengkhone S., 817 F. Supp. 3d at 915 (citing Nguyen v. Scott, 796
F. Supp. 3d 703, 727 (W.D. Wash. 2025)); see also D.V.D., 2026 WL 521557, at *41-42; Bashir
v. Warden of the Golden State Annex Det. Facility, No. 26-cv-00578, 2026 WL 776269, at *2
(E.D. Cal. Mar. 19, 2026) (collecting cases finding that "the government's third country removal
policy violates due process and is contrary to Ninth Circuit precedent"), report and
recommendation adopted, 2026 WL 927684 (E.D. Cal. Apr. 6, 2026); Aden v. Nielsen, 409 F.
Supp. 3d 998, 1009 (W.D. Wash. 2019) ("A noncitizen must be given sufficient notice of a
country of deportation that, given his capacities and circumstances, he would have a reasonable
opportunity to raise and pursue his claim for withholding of deportation.").

Those courts have found a ten- or fifteen-day timeframe for pre-removal notice
reasonable because it "reflect[s] the agencies' determination—on two separate occasions
spanning a period of nearly 20 years—of an appropriate period of time during which a[]
[noncitizen] should be permitted to object to an adverse determination." D.V.D. v. U.S. Dep't of
Homeland Sec., 778 F. Supp. 3d 355, 393 n.49 (D. Mass.), staying preliminary injunction
pending appeal, 145 S. Ct. 2153 (U.S. June 23, 2025), dissolving preliminary injunction and
entering summary judgment, 2026 WL 521557, at *44 (D. Mass. Feb. 25, 2026); see, e.g., Qu v.
Mullin, No. 26-cv-01302-CAS-AGR, 2026 WL 836681, at *7 (C.D. Cal. Mar. 26, 2026);
Vaskanyan v. Janecka, No. 25-cv-01475-MRA-AS, 2025 WL 2014208, at *1 (C.D. Cal. June 25,
2025); Kumar v. Wamsley, No. 25-cv-2055, 2025 WL 3204724, at *8 (W.D. Wash. Nov. 17,
2025); Ruiz v. Warden, No. 25-cv-02486-JLS-AJR, 2025 WL 3223146, at *1 (C.D. Cal. Oct. 6,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:25-cv-02814-KES                                    Date: May 20, 2026
                                                                        Page 7

2025); M.T.M. v. Andrews, No. 25-cv-08208-SRM-PD, 2025 WL 2995053, at *2 (C.D. Cal. Sept. 24, 2025).  "Ten days is also the timeframe in which reasonable fear interviews are to be completed in other contexts pursuant to regulation."  Kumar, 2025 WL 3204724, at *8 (citing 8 C.F.R. § 208.31(b)).

This Court therefore finds that ten days is a sufficient—but not excessive—time to ensure Petitioner is "given a meaningful opportunity to present [his] case" against removal to a third country.  Mathews, 424 U.S. at 349.

For these reasons, and due to Respondents' failure to brief the merits beyond raising mootness and speculation, the Court GRANTS Ground Three.

III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that

1.    The Petition is **granted**.

2.    Respondents are enjoined from re-detaining Petitioner unless and until they comply with the requirements 8 C.F.R. §§ 241.4 and 241.13.

3.    In the case of removal to a third country, Respondents are enjoined from attempting or effectuating Petitioner's removal unless they first provide him with meaningful notice followed by a meaningful opportunity of at least ten days following notice to raise a fear-based claim before an immigration judge or any other applicable legal claim.

Initials of Deputy Clerk ARO